UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDONIO CRUZ-SANTOS,<br><br>    Petitioner,<br><br>v.<br><br>ROBERT W. FOX, Warden,<br><br>    Respondent. | Case No. 16-cv-02447-HSG (PR)<br><br>**ORDER DENYING AS MOOT RESPONDENT'S MOTION TO DISMISS; SECOND ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 22 |

This is a federal habeas corpus action filed by a pro se state prisoner pursuant to 28 U.S.C. § 2254. Petitioner seeks to challenge his 2013 convictions for second degree murder, assault with a firearm, unlawful cultivation of marijuana, and dissuading a witness, for all of which he was sentenced to an aggregate term of 42 years and 8 months to life in state prison.

Petitioner raises the following six claims: (1) the trial court erred when instructing the jury on the natural and probable consequences theory of murder; (2) the accomplice testimony was not sufficiently corroborated to sustain Petitioner's conviction; (3) the trial court erred when instructing the jury on the crime of intimidating a witness; (4) the trial court prohibited Petitioner from presenting evidence that someone other than Petitioner was the killer; (5) the trial court erred in sentencing Petitioner to both the conspiracy to cultivate marijuana and the substantive crime of cultivating marijuana; and (6) the cumulative prejudice from the aforementioned claims violated Petitioner's due process rights. On August 3, 2016, the Court ordered Respondent to show cause why the petition should not be granted.

On September 27, 2016, Respondent filed a motion to dismiss the petition for failure to exhaust state remedies. Dkt. No. 22. Respondent argues that Claim Five is unexhausted because it was not properly presented to the California Supreme Court. Petitioner concedes that Claim

1  Five is not exhausted and requests that the Court "delete the unexhausted claim and proceed only
2  on the remaining exhausted claims." *See* Dkt. No. 23 at 2.

3  The Court construes Petitioner's request as one to amend the petition to dismiss Claim
4  Five, and GRANTS his request.  Accordingly, Respondent's motion to dismiss is DENIED as
5  moot.

6  In light of the dismissal of the unexhausted claim, the petition now contains five exhausted
7  claims (Claims 1-4 and Claim 6), which should be addressed on the merits.  The Court now sets
8  the following new schedule for the parties to file their briefs pursuant to the prior Order To Show
9  Cause:

10  Respondent shall file with this Court and serve upon Petitioner, within **sixty (60)** days of
11  the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing
12  Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued as to the
13  exhausted claims.  Respondent shall file with the Answer a copy of all portions of the relevant
14  state records that have been transcribed previously and that are relevant to a determination of the
15  issues presented.

16  If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the
17  Court and serving it on Respondent within **thirty (30)** days of his receipt of the Answer.

18  Upon a showing of good cause, requests for a reasonable extension of time will be granted
19  provided they are filed on or before the deadline they seek to extend.

20  This order terminates Docket No. 22.

21  **IT IS SO ORDERED.**

22  Dated: 11/8/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge